[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF COMMITTEE CONCERNING DEFENDANT'S DAMAGES BY PLAINTIFFS'TAKING OF DEFENDANT'S PROPERTY
The undersigned Committee was appointed by the Court under Section 16-266 of the General Statutes, was sworn in, heard evidence offered by the parties on June 6 and 7, 1994, visited the property concerned on June 7, 1994, reviewed the briefs filed CT Page 7950 by the parties, discussed the matter in conference and files this report of its doings.
The defendant's whole property of 18.41 acres is located in Shelton and the property taken is delineated on the map attached hereto and marked "Proposed Pipeline Crossing — Property of — Henry J. Mileski — County of Fairfield Connecticut — Issue date 05-01-91 — Dwg. No. 66-058.80 Rev. 1". The specific matter is the taking by the plaintiff of a permanent easement, together with a temporary work area along part of the southwest line of the defendant's property and more definitely shown in that part of the map entitled "Detail A — N.T.S."
This pipeline of the plaintiff was for the transmission of natural gas under pressure, from Canada, through New York and Connecticut, across Long Island Sound to a terminus in Long Island. The plaintiff laid its pipe line across the defendant's property and took a permanent easement to do so 50 feet wide within which the pipe line was laid in a covered trench. The plaintiff also took a temporary easement for one year from the date of the entry on the land to use in the construction of the pipe line. The areas taken are 518.9 feet long and cover 0.58 acres for the permanent easement and 0.25 acres for the temporary easement.
The plaintiff's expert figured the value of the 18.41 acres of the defendant's entire property to be $1,269,000 or $68,940. an acre.
The defendant's expert figured the value of the 18.41 acres of the entire property to be $1,600,000 or $86,909. per acre.
Averaging the 2 figures gives a value per acre of $77,924.
The defendant's plan shows that the homes of the development were to be in an area of 10.9 acres (Sheet 2 of Defendant's Exhibit 1) and that the remainder was to be open space on the easterly 7.6 acres of the plan. 10.9 acres plus 7.6 acres equals the area of the entire property and is about the same as the 18.41 figure used by the defendant for computations.
So the value of the land where the project was to be built was 10.9 acres times $77,924. an acre or $849,371.
The plaintiff took 0.58 acre for the permanent easement for CT Page 7951 the pipe line. 10.9 — 0.58 equals 10.32 acres. 10.32 x $77,924. = $804,175.
$849,371 — $804,175 = $45,196. as the value of the land taken for the pipe line.
But the taking was not of the fee. 90% of the $45,196 should be the value of the permanent easement taken or $40,676.
The plaintiff also took a temporary easement for 1 year during the construction of the pipe line. 10% of the permanent easement should be a reasonable value of the temporary easement. 10% of $40,676 is $4,067.
The total damages the defendant sustained by the taking is $40,676 plus $4,067 or $44,743.
The Committee reports to the Court that the damages sustained by the defendant by the taking of the permanent easement and the temporary easement for the plaintiff's pipe line across the defendant's property is $44,743.
HUGH C. CURRAN
THOMAS J. O'SULLIVAN
JOHN N. REYNOLDS
[EDITORS' NOTE: EXHIBIT ”A” IS ELECTRONICALLY NON-TRANSFERRABLE.]